*607
 
 Turner, J.
 

 This court is committed to the legal principle that there can be no contribution among joint tort-feasors.
 
 Royal Indemnity Co.
 
 v.
 
 Becker,
 
 122 Ohio St., 582, 173 N. E., 194, 75 A. L. R., 1481.
 

 If the Ravers and the Frederick Company were
 
 joint
 
 tort-feasors then the judgment below should be affirmed. However, the instant case was brought and tried upon the theory that the primary liability for Mary Sharp’s injuries rested upon the Frederick Company and that the Ravers were only secondarily liable. The question of primary and secondary liability cannot arise between
 
 joint
 
 tort-feasors,
 
 i. e.,
 
 tortfeasors who are
 
 in pari delicto.
 

 In Restatement of Restitution at page 418, Section 96, it is said:
 

 “A person who, without personal fault, has become subject to tort liability for the unauthorized arid wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability.”
 

 In 31 Corpus Juris, 447, Section 47, it is stated:
 

 “An implied contract of indemnity also arises in favor of a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity, provided they are not joint tort-feasors
 
 in such sense as to prevent recovery.
 
 This right of indemnity is based upon the principle that every one is responsible for his own negligence, and if another person has been compelled by the judgment of a court having jurisdiction to pay the damages which ought to have been paid by the wrongdoer they may be recovered from him. It exists independently of statute, and whether or not contractual relations exist between the parties, and whether or not the negligent person owed the other a special or particular legal duty not
 
 *608
 
 to be negligent.” (Italics onrs.) See, also, page 449, Section 49,
 
 ibid;
 
 27 American Jurisprudence, 465, Section 16, page 467, Section 18.
 

 This doctrine of the right of a person vicariously or secondarily liable for a tort to recover from one primarily liable has been recognized in a number of opinions by this court.
 
 Morris
 
 v.
 
 Woodburn,
 
 57 Ohio St., 330, 48 N. E., 1097;
 
 Bello
 
 v.
 
 City of Cleveland,
 
 106 Ohio St., 94, 138 N. E., 526;
 
 Herron
 
 v.
 
 City of Youngstown,
 
 136 Ohio St., 190, 24 N. E. (2d), 708;
 
 Losito
 
 v.
 
 Kruse, Jr.,
 
 136 Ohio St., 183, 24 N. E. (2d), 705, 126 A. L. R., 1194;
 
 Larson
 
 v.
 
 Cleveland Ry. Co., ante,
 
 20, 50 N. E. (2d), 163;
 
 Massachusetts Bonding & Ins. Co.
 
 v.
 
 DingleClark Co., ante,
 
 346;
 
 Globe Indemnity Co.
 
 v.
 
 Schmitt, ante,
 
 595, 53 N. E. (2d), 790. See, also
 
 Thweatt’s Admr.
 
 v.
 
 Jones, Admr.,
 
 22 Va. (1 Rand.), 328;
 
 Washington Gas Light Co.
 
 v.
 
 District of Columbia,
 
 161 U. S., 316, 40 L. Ed., 712, 16 S. Ct., 564;
 
 Lowell
 
 v.
 
 Boston & Lowell Rd. Corp.,
 
 40 Mass. (23 Pick.), 24, 34 Am. Dec., 33;
 
 City of Brooklyn
 
 v.
 
 Brooklyn City Rd. Co., 47
 
 N. Y., 475, 7 Am. Rep., 469;
 
 Union Stock Yards Co. of Omaha
 
 v.
 
 Chicago B. & Q. Rd. Co.,
 
 196 U. S., 217, 49 L. Ed., 453, 25 S. Ct., 226;
 
 City of Boston
 
 v.
 
 Worthington,
 
 76 Mass. (10 Gray), 496, 71 Am. Dec., 678;
 
 Littleton
 
 v.
 
 Richardson,
 
 34 N. H., 179, 66 Am. Dec., 759;
 
 Scott
 
 v.
 
 Curtis,
 
 195 N. Y., 424, 88 N. E., 794, 133 Am. St. Rep., 811, 40 L. R. A. (N. S.), 1147;
 
 Schwartz
 
 v.
 
 Merola Bros. Construction Corp.,
 
 290 N. Y., 145, 48 N. E. (2d), 299; an annotation in 70 A. L. R., 1386.
 

 So far as any questions of fact are involved in the instant case they were settled by the verdict of the jury.
 

 In its assignment of errors in the Court of Appeals, the Frederick Company did complain that the verdict was against the manifest weight of the evidence. However, the Court of Appeals did not pass upon the
 
 *609
 
 weight of the evidence and it is our practice not to do so. Section 12223-31, General Code.
 

 The Court of Appeals reversed for the stated reason that the trial court “erred in overruling the motion of the Frederick Company, defendant-appellant, for judgment notwithstanding the verdict.” Under Section 11601, General Code, such motion does not involve the weight of the evidence.
 

 We, therefore, accept the jury’s verdict to the effect that the Frederick Company was guilty of negligence proximately causing the injury and that as between the Frederick Company and the Eavers the
 
 facts
 
 showed the Frederick Company to be primarily liable.
 

 In its opinion the Court of Appeals said: “It is clear that if the Frederick Company, defendant, whose employee opened the doors, did not guard the opening and Eavers failed to so do (the opening being under the exclusive control and for the benefit of Eavers) there is- as between these parties no primary and secondary liability * * *.
 

 “The Eavers and Frederick Company each owed a duty to the public to exercise reasonable care in guarding the opening. The Eavers and Frederick Company were under the evidence either joint or concurrent tortfeasors, and it becomes immaterial which * *
 

 In some of the cases in this court the words “joint or concurrent tort-feasors” have been used but in each of these cases there was involved the question only of
 
 joint
 
 tort-feasors which may have led the court below to have considered “joint” and “concurrent” as synonymous.
 

 In the case of
 
 Williamson Heater Co.
 
 v. Radich, 128 Ohio St., 124, 190 N. E., 403, this court held:
 

 ‘£ The syllabus of a decision of the Supreme Court of Ohio states the law of Ohio, but such pronouncement must be interpreted with reference to' the facts upon
 
 *610
 
 which it is predicated and the questions presentéd to and considered by the court.”
 

 In the recent case of
 
 Hollywood Barbecue Co., Inc.,
 
 v.
 
 Morse,
 
 314 Mass., 368, 50 N. E. (2d), 55, which appears to be on all fours with the instant case, it was held as shown by the North Eastern Reporter editorial headnotes:
 

 “1. Defendants who purchased and agreed to remove meat scraps from plaintiff’s restaurant owed to plaintiff the duty of performing their work in a proper manner, including warning pedestrians or guarding a bulkhead door in a sidewalk through which the scraps were removed.
 

 “2. The rule that one of two parties who, together commit an illegal act cannot have indemnity from the other does not apply when one does the act or creates the nuisance and the other does not join therein but thereby suffers damage, but he may recover from the party whose wrongful act has thus exposed him, and such parties are not £
 
 in pari delicto ’
 
 as to each other, though as to third persons either may be held liable.
 

 “3. Where pedestrian recovered judgment from restaurant owner for injuries sustained when struck by door in abutting sidewalk, which had been opened by employee of defendants who had purchased and agreed to remove meat scraps from the restaurant, restaurant owner was not
 
 ‘i/n pari delicto’
 
 so as to be barred from recovery over from defendants.”
 

 In the course of the opinion it was said: “As between the plaintiff and the defendants the defendants owed to the plaintiff the duty of performing this work in a proper manner, including the duty to warn pedestrians or to ‘guard’ the bulkhead door.”
 

 In the case of
 
 Morris
 
 v.
 
 Woodburn, supra,
 
 Judge Shauck said at page 335: “These are concurrent and related torts, but they are not joint. ’ ’ This distinction was followed in later Ohio cases:
 
 Village of Mineral
 
 
 *611
 

 City
 
 v.
 
 Gilbow, supra; Bello
 
 v.
 
 City of Cleveland, supra; Herron
 
 v.
 
 City of Youngstown, supra; Losito
 
 v.
 
 Kruse, Jr., supra;
 
 and
 
 Larson
 
 v.
 
 Cleveland Ry. Co., supra,
 
 wherein it was held in the fifth paragraph of the syllabus:
 

 “Where a primary liability for injury rests upon one party and a secondary liability for such injury rests upon another, and the breaches of duty of such parties to the injured party are not through concert of action, or independent and concurrent action, a joint judgment cannot properly be rendered against them.”
 

 At page 34 (page 171 N. E.), Judge Hart said: “But in a long line of decisions, this court has heretofore consistently held, in accordance with the common-law rule, that in order to warrant a joint judgment against tort-feasors they must be
 
 in pari delicto
 
 as to the tortious act, and each must be responsible for the entire damage.”
 

 An exhaustive review of the authorities would require much space but the substance of the pertinent authorities is sumarized in an annotation in 70 A. L. R., 1381, with appropriate citations as follows:
 

 “It is generally held that any person who uses an opening in the sidewalk may be liable to a pedestrian who has been injured by falling or stepping into the opening, if that person’s acts or the acts of his servants or agents, operated to cause the injury; consequently, an independent contractor who uses an opening in the sidewalk for the purpose of making deliveries of merchandise may be held liable for his negligence in failing to guard properly the opening while using it, or for leaving it in an open and unguarded condition.”
 

 Federal, California, Indiana, Kentucky, Massachusetts, Minnesota, New York, Pennsylvania and English authorities are cited to sustain the text.
 

 The court charged the jurv that “where one second
 
 *612
 
 arily liable is obliged to pay the claim, tbat by the vety fact of payment, that person has a right, under law, to recover over and against the person primarily liable, if the person primarily liable was negligent, directly producing and causing damages to the plaintiff, in the original action, the one that was hurt.”
 

 Counsel for the Frederick Company at the close of the charge requested the court as follows: “Now in this case I request the court that you charge the jury that if the jury find, by the greater or preponderating weight of the evidence, even though the Frederick Company was negligent and the negligence of Ravers, having been affirmatively found, concurred with the negligence of the Frederick Company, if any, then there can be no recovery by the Maryland Casualty Company for the reason that the rights of the Maryland Casualty Company can never rise to any higher state than that of Ravers’.”
 

 The court refused this charge.
 

 The concurrent negligence of two persons does not necessarily make them joint tort-feasors. In order to be joint tort-feasors they must have been
 
 in pari
 
 delicto, that is, there must have been a concert of action between the tort-feasors before there could be joint liability.
 

 From the authorities heretofore cited we deduce the following principles of law applicable in the instant case:
 

 1. While all joint torts are concurrent, some concurrent, though related, torts are not joint.
 

 2. Where a person injured through the violation of a common duty owed by two persons, sues and recovers from one of the persons owing the common duty and such person against whom recovery is had did not participate in the act or omission causing the injury, such latter person is only secondarily liable and upon payment of the judgment and expenses is entitled to
 
 *613
 
 indemnity from the one primarily liable,
 
 i. e.,
 
 the one whose act or omission set in motion the right of action.
 

 3. Where judgment in a tort action is had against a party only secondarily or vicariously liable for the violation of a common duty owed by two persons upon the payment of such judgment and necessary expenses by such party, there arises an implied contract of indemnity in favor of the party secondarily liable against the person (or persons) primarily liable.
 

 4. Where there has been a concert of action by or between the persons owing a common duty no question of primary or secondary liability arises for the reason that all who actively participate in the commission of a tort are joint tort-feasors.
 

 5. Before a tort-feasor secondarily liable may be entitled to indemnity from the one primarily liable, the latter must be fully and fairly informed of the claim and the pendency of the action and given full opportunity to defend or participate in the defense.
 

 In the instant case the Frederick Company was fully and fairly informed of the claim and the pendency of the action and refused to assume the defense or participate in the case in which the Ravers were held for the injury to the pedestrian.
 

 We are, therefore, of the opinion that the judgment of the Court of Appeals should be and hereby is reversed and the case remanded to that court for further proceedings not inconsistent herewith in respect of assigned errors not previously decided by that court. (Section 12223-31, General Code.)
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman and Williams, JJ., concur.
 

 Weygandt, O. J., and Bell, J., dissent.