OVERLY, PLAINTIFF-APPELLEE, *v.* AMERICAN FIDELITY & CASUALTY COMPANY ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Mahoning County.

No. 4121.   Decided January 17, 1961.

*Messrs. Harrington, Huxley & Smith,* for plaintiff-appellee.
*Messrs. Pfau & Pfau,* for defendant-appellant, American Fidelity & Casualty Company.

GRIFFITH, P. J.   This is a declaratory judgment action wherein the plaintiff is seeking the construction of an insurance policy entered into between the defendant, American Fidelity & Casualty Company and Daniels Motor Freight, Inc.

The plaintiff, Owen Dale Overly, asks the court to order the defendant, American Fidelity and Casualty Company, to defend him in an action wherein he is a defendant growing out of an automobile collision.

The facts in this case are fully set forth in the defendant-appellant's brief, pages four to eight, and will not be repeated here.

Nationwide Insurance Company had issued a policy to Owen Dale Overly, which also was in force at the time of the

130

accident. The Nationwide policy contained the following exclusion:—

"The insurance does not apply while the automobile is being used in the business of any person, or organization, to whom the automobile is rented."

The policy issued by American Fidelity & Casualty Company extended coverage for Daniels Motor Freight, Inc. It contained the following provision:—

"* * * the protection afforded by the policy to which this endorsement is attached, is extended to cover all equipment owned and hired by the named insured for the purposes set forth in Item 5 only when such owned and hired equipment is being operated in the interest of the named insured.

"It is further understood and agreed, subject to the conditions of the previous paragraph, that should any other like valid and collectible insurance issued in the name of the owner or lessor or in favor of the named insured herein exist, this policy becomes excess over and above such valid and collectible insurance."

Two questions arise: Does the exclusion in the Nationwide policy exclude coverage to Overly when the "automobile is being used in the business of" Daniels Motor Freight, Inc., apply in this situation under the facts as revealed by the bill of exceptions? And, does American Fidelity & Casualty policy extend coverage to Overly?

The trial court listened to testimony respecting the circumstances at the time of the collision and the relationship of driver Overly to Daniels Motor Freight, Inc., and from the evidence revealed in the ninety page bill of exceptions the court reached the conclusion that Overly was operating his truck under a definite rental agreement with Daniels Motor Freight, and at the time of the collision was acting in the scope of his duties and authority as agent for Daniels Motor Freight.

There is evidence warranting the lower court's finding of that fact, and, considering that, in conjunction with the exclusionary clause in each of the policies in question, the court's finding and determination that American Fidelity and Casualty is obligated by the terms of its policy to Daniels Motor Freight to defend the pending litigation brought by Hogue, and that

the policy of Nationwide Insurance Company did not cover the plaintiff, Overly, at the time of the accident for the reason that the plaintiff was operating his vehicle in the transportation business of a corporation to whom the vehicle was leased, is well warranted and must be affirmed.

Judgment affirmed.

DONAHUE, J., concurs.
BROWN, J., not participating.