JOHNSON, APPELLEE, *v.* ANGERER ET AL., APPELLANTS.
(Two cases.)

[Cite as Johnson v. Angerer, 16 Ohio App. 2d 16.]

(Nos. 10547 and 10558—Decided July 15, 1968.)

*Messrs. Lindhorst & Dreidame,* for appellee.

*Mr. Edward J. Utz,* for appellant Nationwide Mutual Insurance Company.

*Mr. John M. McCaslin, Jr.,* for appellant General Accident Fire & Life Assurance Corporation, Ltd.

SHANNON, J. These come before us as appeals on questions of law from a judgment on a supplemental petition

rendered in the Court of Common Pleas of Hamilton County.

The supplemental petition had been filed by the plaintiff, appellee herein, to determine which of two insurers was liable for payment of his judgment.

Plaintiff recovered a judgment on December 27, 1965, against Ronald R. Angerer, an appellant here, in the sum of $17,872.20. Thereafter, the trial court ordered a remittitur in the sum of $2,500, and overruled a motion for a new trial. Subsequently, an appeal to this court was dismissed.

It is undisputed that Nationwide Insurance Company insured Ronald Angerer and that General Accident Fire and Life Assurance Corporation, Ltd., insured Ben Angerer, the brother of Ronald Angerer.

Ben Angerer operated a motor carrier business duly certified by the Public Utilities Commission of Ohio. Ronald Angerer, who was not so certified, leased to Ben Angerer a tractor truck under a contract in which Ronald Angerer agreed to drive such tractor and to haul semi-trailers for Ben Angerer in the conduct of Ben Angerer's business.

On August 28, 1961, the plaintiff, Leonard Johnson was stopped in traffic and was struck from the rear by a tractor being operated by Ronald Angerer hauling a trailer owned by his brother. He was then enroute to Cincinnati to pick up a cargo to be delivered to a customer of Ben Angerer and, consequently, the trailer was empty at the time of the collision. Thereafter, Johnson filed suit against Ronald Angerer only and recovered the judgment mentioned above. Inasmuch as there was in full force and effect at the time a policy of liability insurance issued to Ronald Angerer by Nationwide, that company provided the defense counsel. This policy contained what is termed a "deadhead" or "commercial non-trucking" endorsement, to wit:

"Such insurance as is afforded by the policy for bodily injury liability, property damage liability and automobile medical payments or family compensation with respect to the automobile described in the policy, does not apply:

(1) to any person or organization or any agent or employee thereof, other than the named insured, engaged in the business of transporting property by automobile for others or (2) while the automobile or any trailer attached thereto is used to carry property in any business or (3) while the automobile is being used in the business of any person or organization to whom the automobile is rented.''

There was also in force at the time of the accident a policy of liability insurance issued to Ben Angerer, the owner of the trailer, by General Accident containing, among other things, the following provision:

''III. Definition of Insured (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.''

The policy also carried a ''Truckman's Endorsement'' providing:

'' * * * the insurance does not apply to any person or organization, or any agent or employee thereof, engaged in the business of transporting property by automobile for the named insured or for others (1) unless the accident occurs while such automobile is being used exclusively in the business of the named insured and over a route the named insured is authorized to serve by federal or public authority. * * * ''

A jury having been waived, the supplemental petition of plaintiff, Leonard Johnson, was heard by the judge who presided over the first trial. He found that the coverage of both Nationwide and General Accident attached in proportion to the amount of their respective total policy limits and rendered judgment of $12,297.76 and eighty per cent of the costs and interest from the date of judgment in the negligence action against Nationwide, and judgment

against General Accident in the amount of $3,074.44 and twenty per cent of such costs and interest. It is from such judgments that this appeal is taken.

The resolution of the issue before us, that is, what coverage applies, involves certain basic questions. First, was the tractor which was both owned and operated by Ronald Angerer leased or rented to his brother, Ben Angerer, at the time of the accident? Second, if such tractor was so leased or rented, was Ronald Angerer on the business of Ben Angerer at the time of the accident?

In order for the court below to have arrived at the conclusion that the coverage of General Accident applied, it was required to determine, as it obviously did, that the tractor was leased or rented by Ronald Angerer to Ben Angerer. The answer to the secondary consideration, to wit, was Ronald Angerer on the business of his brother at the critical time, is compelled by the undisputed facts.

Ronald Angerer was enroute to Cincinnati to pick up cargo the delivery of which had been contracted for by Ben Angerer. Therefore, Ronald Angerer was on the business of Ben Angerer from the time the trip commenced. Whatever the agreement may have been between the brothers, it cannot affect strangers to that contract.

Consequently, the "deadhead" endorsement became applicable because the tractor was being used in the business of a person or organization to whom the automobile was rented.

Precisely the same exclusionary clause, that is, the "deadhead" endorsement, in an insurance policy was construed in *Overly* v. *American Fidelity and Casualty Company*, 89 Ohio Law Abs. 129, wherein it is stated that an insurance policy containing the exclusion " 'the insurance does not apply while the automobile is being used in the business of any person, or organization, to whom the automobile is rented' does not cover insured who was operating his vehicle in the transportation business of a corporation to whom the vehicle was leased."

*Ergo*, the coverage of Nationwide did not attach, and it was error to render judgment against it.

The court below was correct, however, in its conclusion as to the coverage provided by General Accident. The tractor and trailer were being used exclusively in the business of the named insured and, because the contrary does not appear, presumably over a route the insured was authorized to serve. Since it is clear that Ronald Angerer was the agent of Ben Angerer, he becomes an insured under such policy.

We conclude, therefore, that the judgment rendered against the Nationwide Mutual Insurance Company and the General Accident Fire and Life Assurance Corporation, Ltd., should be reversed, that the supplemental petition against Nationwide be dismissed and final judgment in its favor accordingly be rendered, that the General Accident is solely liable to plaintiff, Leonard H. Johnson, and that final judgment, including all costs and interest, be rendered in his favor against General Accident.

*Judgment accordingly.*

LONG, P. J., and HILDEBRANT, J., concur.