NATIONWIDE MUTUAL INS. CO., APPELLANT, *v.* GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORP., APPELLEE.

(No. 11092—Decided April 6, 1970.)

264

*Mr. Edward J. Utz,* for appellant.

*Messrs. McCaslin, Imbus & McCaslin,* and *Mr. John M. McCaslin, Jr.,* for appellee.

SHANNON, P. J. This is an appeal on questions of law from an order of the Court of Common Pleas of Hamilton County sustaining a demurrer to a petition and dismissing the petition.

Plaintiff, appellant herein, is an insurance company which issued a policy providing liability coverage for the operation of a tractor and trailer to one Ronald Angerer. Defendant, appellee herein, is an insurance company which issued a policy to one Bennie Angerer indemnifying him for damages as a result of bodily injury.

The litigation out of which the instant case grew was before this court in *Johnson v. Angerer,* 16 Ohio App. 2d 16. There, one Leonard Johnson had filed suit against Ronald Angerer for damages for personal injuries received in an auto-truck collision. At the time of the accident, Ronald Angerer was operating a tractor hauling a trailer owned by his brother, Ben Angerer. Ben Angerer operated a motor carrier business duly certified by the Public Utilities Commission of Ohio. Ronald Angerer, who was not so certified, leased to Ben Angerer a tractor under a contract in which Ronald Angerer agreed to drive such tractor and to haul trailers for Ben Angerer in the conduct of Ben Angerer's business. Ultimately, Johnson recovered judgment against Ronald Angerer. Thereafter, Johnson filed a supplemental petition to determine which of the two insurers was liable for the payment of his judgment.

The syllabus of *Johnson v. Angerer, supra,* states:

"B operated a motor carrier business. R leased a tractor truck to B and agreed to drive it in the conduct of B's business, hauling semi-trailers for B. R, while operating such tractor hauling a trailer owned by B and while on the business of B, was involved in an accident. R was insured under a policy of insurance which excluded coverage of the insured while operating the covered vehicle in the business of any person to whom it was leased. B was in-

sured under a policy of insurance which defined the insured as any person while using the covered vehicle in the business of the named insured. On the question of liability pursuant to the respective insurance policies of B and R, Held: R was the agent of B at the time of the accident, and R's policy coverage did not attach. B's insurer is solely liable.''

That decision and the subsequent payment of the judgment prompted Nationwide Mutual Insurance Company to file suit against General Accident Fire & Life Assurance Corporation, Ltd., to recover the attorney's fees paid by Nationwide in the defense of the action against Ronald Angerer and the appeal of the judgment rendered upon the hearing of the supplemental petition.

After setting forth the respective policies of insurance, Nationwide pleaded:

''On August 28, 1961, when Ronald Angerer was involved in an automobile accident involving personal injury, plaintiff says that the said Ronald Angerer made claim upon it to defend him as a result of said accident and said company, after first making demand upon General Accident Fire and Life Assurance Corporation, Ltd., and advising them of all trial dates and of all proceedings, proceeded by reason of the demand of Ronald Angerer, to defend said Angerer who was in fact an insured under General Accident's policy.''

General Accident demurred to the petition on the ground that it did not state facts showing a cause of action against the defendant. It is from the order sustaining the demurrer and dismissing the petition that this appeal is taken.

Defendant contends that Nationwide in its representation of Ronald Angerer acted either as a volunteer or by reason of an independent duty to conduct the defense in question, citing *Socony-Vacuum Oil Co.* v. *Continental Casualty Co.* (1945), 144 Ohio St. 382, in support of such theories. However, close examination of that decision reveals to us that it does not compel the conclusions reached by defendant. The case involved a dispute between an insured and its insurance carrier where circumstances

prompted the carrier to advise the insured that "* * * since there is a possibility of a failure of protection * * * you may desire to associate with us in your defense your personal counsel." In determining that the insured was entitled to recover reasonable attorney fees, the court said in paragraph four of its syllabus:

"When there is such a breach of contract, accompanied by an invitation to insured to employ its own counsel to participate in the defense for its own protection, the insured, protesting against such action, may employ counsel with notice to the insurance company that it must bear the expense, and the company will be liable for reasonable attorney fees and proper expenses incurred in making defense."

The issue here is whether an insurance company which disclaims responsibility to defend an action, but is thereafter determined to be solely liable for the payment of the judgment recovered, can avoid the costs of such defense undertaken by another.

We believe the answer to such query to be set forth in *Aetna Casualty & Surety Co.* v. *Buckeye Union Casualty Co.* (1952), 157 Ohio St. 385, paragraph one of syllabus:

"Where the operator of an automobile is covered with respect to negligent operation thereof by two insurance policies issued by different companies one of which policies provides primary coverage and the other secondary coverage and the company which carries the primary coverage wrongfully disclaims coverage and refuses to defend or participate in settlement of an action which is brought against the insured, such disclaimer is made at its peril and the company which carries the secondary insurance may, after reasonable notice to the other company, effect reasonable settlement of the action and, upon general equitable principles, may recover from the carrier of the primary coverage the amount so expended within the limits of that policy."

Undoubtedly, plaintiff must prove that it gave proper and timely notice to the party from which recovery is sought that it was liable to respond. See *Globe Indemnity*

*Co.* v. *Schmitt* (1944), 142 Ohio St. 595. But, at this juncture, such question is not before us and the observation is made only to point up the conclusion we reach now.

The trial court erred in sustaining the demurrer and in dismissing the petition. Plaintiff did state a cause of action against defendant and would, if able to sustain the burden of proof, be entitled to recover fees paid to attorneys to defend the action, a responsibility which defendant, at its peril, disclaimed.

The judgment of the Court of Common Pleas is reversed and this cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

HILDEBRANT and HESS, JJ., concur.