COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,

v.

Dewayne HARTZOG, et al., Appellees.

No. A2666.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 3, 1981.

Rehearing Denied July 8, 1981.

W. N. Blanton, III, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Kenneth T. Fibich, Jacolyn D. Scott, Bonham, Carrington & Fox, Don Weitinger, Weitinger, Steelhammer & Tucker, Nicholas E. Zito, Hennessy & Associates, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This appeal is from a judgment in a suit brought against two insurance carriers to recover the judgment rendered in favor of plaintiffs, the Hartzogs, in a personal injury action brought against a trucking company for injuries received in an automobile accident. Payment of the judgment was refused by both insurance carriers, one ("Southern County") contending the other ("Commercial Standard") to be primarily liable, and Commercial Standard contending an exclusion in its policy applies to relieve it of liability. The Hartzogs brought suit as third-party beneficiaries against both insurance carriers. After trial to the court without a jury, judgment was rendered that the Hartzogs recover the judgment from each of the carriers in amounts proportionate to their respective policy limits. Commercial Standard has appealed.

Oilfield Transportation Service, Inc. ("Oilfield") and Houston Truck Lines, Inc. ("HTL") are trucking companies owned by the same individual but which are separate and distinct corporations insured under two different types of insurance policies. Oilfield was insured by Southern County under a standard, family-type automobile policy covering specifically-scheduled vehicles. HTL was insured by Commercial Standard under a Texas Standard Truckman-Gross Receipts, commercial-type policy covering all vehicles owned by HTL, none of which are specifically scheduled, the premiums being calculated according to the gross receipts of HTL for shipments made during the policy period rather than on the per-vehicle basis of Oilfield's policy.

The Hartzogs were injured when their automobile collided with an HTL truck which was on loan to Oilfield and being driven by an Oilfield employee. The trial court ruled that Oilfield was insured under both policies.

The case turns on the interpretation of the language of an exclusion provision found within Commercial Standard's policy of insurance. The policy provides:

PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

    \*    \*    \*    \*    \*    \*

(c) Any other person while using an owned automobile ... with the permission of the named insured, provided his actual operation ... is within the scope of such permission ...

    \*    \*    \*    \*    \*    \*

None of the following is an insured: (i) any person or organization, or any agent or employee thereof, other than the named insured ... engaged in the business of transporting property by automobile ... for others under any of the following conditions:

(1) if the bodily injury or property damage occurs while such automobile is not being used exclusively in the business of the named insured and over a route the

named insured is authorized to serve by federal or public authority. . . .

It was stipulated by the parties at trial that HTL had loaned the truck in question to Oilfield on the day of the collision, that the driver of the truck was in the course and scope of his employment for Oilfield at the time of the collision, that the truck was hauling pipe under Oilfield's shipping invoice and that Oilfield was engaged in hauling freight for others at the time of the collision. Findings of Fact and Conclusions of Law were filed and the court found that the collision occurred while the truck was being used over a route the named insured was not authorized to serve by public authority.

Commercial Standard contends that the evidence conclusively established that Oilfield was not insured under the Commercial Standard policy, it being established that the injury occurred when the truck was not being used exclusively in the business of HTL by one other than HTL or the employee of HTL. They interpret the exclusion to mean that one other than the named insured is not insured if the injury occurs *either* while the automobile is not being used exclusively in the business of the named insured *or* while such automobile is not being used over a route the named insured is authorized to serve by federal or public authority. The Hartzogs, however, contend the provision is ambiguous and, construing it "most favorably to the public and beneficiaries, and most strongly against the insurer" argue that the exclusion requires *both* that the injury occur while the auto is not being used in the exclusive business of the named insured *and* that it occur over a route the named insured *is* authorized to serve by federal or public authority.

■ Our interpretation of the language is that there is no coverage provided by the policy in a situation such as this one when the injury occurs while the auto is not being used exclusively in the business of the named insured and when it is not being used over a route the named insured is authorized to serve by federal or public authority, which was the interpretation giv-

en the same provision in *Lumbermens Mut. Cas. Co. v. Travelers Ins. Co.*, 45 A.D.2d 24, 355 N.Y.S.2d 870 (1974). The language is not as clear as it could be, and possibly the intent was that the exclusion applies either when the auto is not being used exclusively in the named insured's business *or* when not being used on an authorized route, but we need not decide that issue. The language of the insurance policy must be given its ordinary meaning unless good reason appears for doing otherwise. We think it clear that Commercial Standard has stated in the negative an exclusion provision which has been interpreted in other cases to result in coverage for others than the named insured when using the vehicle exclusively in the business of the named insured and over routes authorized by federal or public authority. *Johnson v. Angerer*, 16 Ohio App.2d 16, 240 N.E.2d 891 (1968); *St. Louis Fire & Marine Ins. Co. v. Aetna Ins. Co.*, 283 F.Supp. 40 (S.D.W.Va.1968). The phrase "not being used" inserted in Commercial Standard's exclusion provision modifies both clauses of the condition. To accept the Hartzogs' construction in which the phrase modifies only the first clause of the condition results in coverage when the vehicle is not being used exclusively in the named insured's business so long as it is being used over an unauthorized route. We must, therefore, reverse the trial court as to Commercial Standard, and having reversed the judgment on their first point of error it is unnecessary to consider their other points.

The judgment of the trial court against Commercial Standard Insurance Company is reversed and rendered in that company's favor. As to Southern County Mutual Insurance Company the cause is severed and the judgment of the trial court is reversed and remanded with instructions that the trial court render judgment in favor of the Hartzogs solely against Southern County Mutual Insurance Company in a total amount to be determined by the trial court under Southern County's insurance policy, the total amount of such recovery to be apportioned among the appellees in such

amounts as shall be determined by the trial court. Tex.R.Civ.P. 434.

Reversed and rendered in part and in part reversed and remanded with instructions.