**LESTER BUILDING ASSOCIATES, INC., a corporation of the State of Delaware, Plaintiff,**

v.

**John DAVIDSON and Mildred Davidson, his wife, Building Inspection Underwriters, Inc., t/a Pride Home Warranty Program, a corporation of the State of Delaware, Bayard Sales Corp., a corporation of the State of Delaware, and Tibbals Flooring Company, d/b/a Hartco, a corporation of the State of Tennessee, Defendants.**

Court of Chancery of Delaware, New Castle County.

Submitted: Feb. 27, 1986.
Decided: May 27, 1986.

C. Scott Reese, Cooch and Taylor, Wilmington, for plaintiff.

Andrew B. Kirkpatrick, Jr. and Edmond D. Johnson, Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant Tibbals Flooring Co.

## OPINION

BERGER, Vice-Chancellor.

This action arises out of the construction of a new home for defendants John and Mildred Davidson (the "Davidsons") by plaintiff, Lester Building Associates, Inc. ("Lester"). The flooring selected was manufactured by defendant Tibbals Flooring Company ("Tibbals") and supplied by defendant Bayard Sales Corp. ("Bayard").

In April, 1983, after the home had been constructed, the Davidsons filed suit against Lester and defendant Building Inspection Underwriters, Inc. ("Underwriters"), the company that had provided a home warranty pursuant to which Lester was required to correct any deficiencies in the home for a period of one year after the warranty date. The Davidsons claimed that the Tibbals flooring was splintering and indented and failed to comply with the standards set forth in the warranty. Inasmuch as the warranty included an arbitration clause, Lester moved to dismiss the suit and the parties thereafter proceeded with an arbitration hearing.

The Davidsons, Lester and Underwriters participated in the arbitration hearing and were represented by counsel. The arbitrator found that the flooring did not meet the applicable standards in the warranty and Lester was held liable. Lester was required either to repair or replace the flooring or pay the amount of $6,859. Lester paid the Davidsons and then filed a complaint to confirm the award of the arbitrator pursuant to 10 *Del.C.* § 5713 and to obtain indemnification from defendants Bayard and Tibbals for the amounts paid plus costs. This is the decision on Lester's motion for summary judgment. Lester argues that Tibbals was vouched in to the arbitration proceeding and is bound by the award of the arbitrator either as a matter of common law or pursuant to 6 *Del.C.* § 2–607(5)(a).

■ At common law, the practice of vouching in is a procedure whereby a person against whom an action is brought may give notice of the suit to a third party who is liable over to him with respect to the matter sued upon and the third party thereafter will be bound by the decision in appropriate circumstances. Vouching in originated before our present third party practice was established and has been described as follows:

When a person is responsible over to another, either by operation of law or by express contract, and he is duly notified of the pendency of the suit, and requested to take upon him the defense of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he were the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not.

*Washington Gaslight Co. v. District of Columbia,* 161 U.S. 316, 330, 16 S.Ct. 564, 569, 40 L.Ed. 712 (1896); *see also: Humble Oil and Refining Co. v. Philadelphia Ship Main. Co.,* 444 F.2d 727 (3d Cir.1971); *State v. Wood,* Del.Super., 173 A.2d 327 (1961).

The common law rule has been codified in 6 *Del.C.* § 2–607(5)(a) which provides:

(5) Where the buyer is sued for breach of a warranty or other obligation for which his seller is answerable over

(a) he may give his seller written notice of the litigation. If the notice states that the seller may come in and defend and that if the seller does not do so he will be bound in any action against him by his buyer by any determination of fact common to the two litigations, then unless the seller after seasonable receipt of the notice does come in and defend he is so bound.

The letter that Lester relies upon as having vouched in Tibbals was dated July 15, 1983 and states:

Enclosed please find the material you requested. Please note in the warranty section the definition with regard to depressions in the floor.

It is my opinion that all of us, including Hartco, will save money by proceeding with binding arbitration rather than allowing a judge or jury to fix damages. I should note that the law is being increasingly interpreted in favor of the consumer and we should get a lower number in arbitration.

I look forward to hearing your reply.

Tibbals argues that summary judgment is inappropriate for any of several reasons: (1) vouching in cannot be applied to an arbitration as opposed to a suit in court; (2) Lester's notice was insufficient; (3) vouching in is inappropriate because there is a conflict of interest between the indemnitor and the indemnitee; (4) vouching in does not apply because the indemnitee did not defend the prior action with due diligence; and (5) there are disputed issues of fact with respect to whether the findings of the arbitrator, relating only to the contractual warranty, apply to any implied warranty of fitness which may be applicable to Tibbals. For the reasons discussed hereafter, I find that Lester's motion for summary judgment must be denied.

Neither the parties nor the Court have been able to discover any authorities addressing the issue of whether vouching in may be applied to an arbitration proceeding. Lester argues, in essence, that there is no reason why it should not since the whole purpose of vouching in is to avoid duplicative litigation and that purpose would be accomplished if vouching in were applied here.

■ However, arbitration is fundamentally different from litigation in this context. Arbitration is a consensual proceeding binding only upon those who have entered into a written agreement to arbitrate. *See,* 10 *Del.C.* § 5701. "The parties

are bound only to the extent, and in the manner, and under the circumstances pointed out in their agreement...." *Fagnani v. Integrity Finance Corporation,* Del.Super., 167 A.2d 67, 74 (1960). Absent agreement, a party may not be forced to arbitrate. *Pettinaro Construction Co., Inc. v. Harry C. Partridge, Jr. & Sons, Inc.,* Del. Ch., 408 A.2d 957, 963 (1979).

■ Consistent with the consensual underpinning to this form of dispute resolution, the arbitration proceeding may differ from litigation in the following respects, among others: (1) the arbitrators may not be lawyers; (2) they may not be required to give their reasons for the award; (3) the record of the arbitration proceeding may not be as complete as in a court of law; and (4) judicial review of the award may be more limited than judicial review of a decision after trial. *See,* 10 *Del.C.* §§ 5704, 5706, 5714 and 5715. *See, also,* 5 Am.Jur.2d *Arbitration and Award* § 2. Moreover, the parties to arbitration have no right to a trial by jury. *Compare,* 10 *Del.C.* Ch. 57 with Constitution of 1897, Article I, Section 4. While I am mindful of the fact that, as a matter of public policy, arbitration is encouraged, *Pettinaro Construction Co., Inc. v. Harry C. Partridge, Jr. & Sons, Inc.,* 408 A.2d at 962, based upon the foregoing I conclude that vouching in may not be applied to an arbitration.

■ Alternatively, I find that the notice provided by Lester did not satisfy either the statutory or common law requirements to vouch in Tibbals in any event. By statute, Lester was required to notify Tibbals that it could come in and defend and that if it did not, it would be bound by the judicial determination. The "vouching in" letter does not expressly offer Tibbals the opportunity to defend and, more importantly, does not notify Tibbals that it will be bound by the results in the arbitration.

The letter is also insufficient under common law. In general terms, several courts have required that the party to be vouched in be given notice and an opportunity to defend. *Washington Gaslight Co. v. Dis-*

*trict of Columbia,* 161 U.S. 316 at 330, 16 S.Ct. at 569; *Humble Oil and Refining Co. v. Philadelphia Ship Main. Co.,* 444 F.2d 727; *Bedal v. Hallack and Howard Lumber Company,* 226 F.2d 526, 536 (1955); *State v. Wood,* 173 A.2d at 332; *Maryland Casualty Co. v. Frederick Co.,* Ohio Supr., 142 Ohio St. 605, 53 N.E.2d 795, 799 (1944). Where the specifics of the notice have been discussed, other courts have required that the vouched in party be advised that he will be bound by the result in the pending proceeding. *Humble Oil and Refining Co. v. Philadelphia Ship Main. Co.,* 444 F.2d 727; *Hessler v. Hillwood Mfg. Co.,* 302 F.2d 61 (6th Cir.1962); *Bowditch v. E.T. Slattery Co.,* Mass.Supr., 263 Mass. 496, 161 N.E. 878 (1928); *Town of Waterbury v. Waterbury Traction Co.,* Conn.Supr., 74 Conn. 152, 50 A. 3 (1901); *Jones v. Bozeman,* Tenn.Ct.App., 45 Tenn. App. 141, 321 S.W.2d 832 (1958).

■ From these cases it is apparent that, at common law, the notice must fairly advise the recipient that he may be subject to liability regardless of whether he chooses to defend. Lester's letter does not accomplish this purpose. All it does is suggest that both Lester and Tibbals would be better off in an arbitration proceeding than in litigation. At best, the letter may be deemed to be an offer to Tibbals to come in to the arbitration. However, considering the fact that arbitration is consensual, such an "offer" cannot be said to have put Tibbals on notice that it would be bound by the arbitrator's decision.

In light of the foregoing analysis, it is unnecessary to decide the other arguments raised by Tibbals. Lester's motion for summary judgment is denied.

IT IS SO ORDERED.