**UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff–Appellant,**

v.

**Kenneth E. BARGER, Jr., Defendant–Appellee.**

No. 89–3763.

United States Court of Appeals, Sixth Circuit.

Argued May 8, 1990.

Decided Aug. 6, 1990.

**322**

Irene C. Keyse–Walker (argued), Curtiss
L. Isler, Arnold F. D'Angelo, Jr., Arter &
Hadden, Cleveland, Ohio, for plaintiff-appellant.

William M. Kovach (argued), McNeal,
Schick, Archibald & Biro, Cleveland, Ohio,
Maureen A. Cronin, James E. Rimmel, Canfield, Ohio, for defendant-appellee.

Before WELLFORD and BOGGS,
Circuit Judges, and GILMORE, District
Judge.*

BOGGS, Circuit Judge.

Kenneth E. Barger, while working for
John Gary Burke on property owned by
Burke, injured a third party. The third
party sued Burke. Burke was represented
in this action by his insurance company,
United Services Automobile Association
(USAA). Approximately two and one-half
years after commencement of the action,
USAA notified Barger of its intent to seek
indemnification from him. Approximately
four months after notification, USAA settled with the injured third party.

USAA then brought an action in district
court seeking indemnification from Barger.
The district court found that USAA had not
provided timely notice to Barger, and thus
could not maintain an action for indemnity
against him. We affirm.

I

In 1981, Barger was hired by Truck
World, Inc., to supervise various construction projects. In 1983, Barger was assigned to oversee the construction of the
private residence of Truck World's president and owner, John Gary Burke. On
September 21, 1983, Barger was unloading
floor joists at the Burke residence when
the joists fell and injured William Miller.
Miller was a heavy equipment operator for
a subcontractor under Barger's supervision. Burke had a homeowner's policy
with USAA at the time of the accident.

On September 19, 1985, Miller sued
Burke and Barger in an Ohio state court
for injuries he received in the accident. In
his complaint, Miller alleged that Barger
negligently caused his injuries. Miller further alleged that Barger was Burke's employee acting in furtherance of Burke's interests at the time of the accident; thus,
Burke was liable in respondeat superior for
Barger's negligent acts.

The complaint and the envelope for service of process mistakenly referred to Barger as "Barber" and listed only a (correct)
city and state address, but no street address. The complaint was never delivered
to Barger and service was never perfected
on Barger. Apparently, Miller never attempted to perfect service again. Barger,
however, admitted that he had been shown
a copy of the complaint well after it had
been filed, and knew that "Barber" was, in
fact, a reference to him.

* The Honorable Horace W. Gilmore, United
States District Judge for the Eastern District of Michigan, sitting by designation.

USAA accepted Burke's defense. On December 28, 1987, Miller and USAA, through Burke, deposed Barger. At the deposition, Barger discussed his involvement in the accident. Burke's attorney elicited testimony from Barger that was damaging to him. Barger was not represented by counsel at this time.

On or about February 2, 1988, Burke's attorney sent Barger a letter by certified mail, stating that because Barger's negligence was the sole cause of Miller's injuries, he must undertake Burke's defense or indemnify USAA and Burke for all costs incurred. Barger's 13-year-old son signed for the letter on February 3, 1988, but Barger did not respond. Barger denies that he ever saw the letter.

On May 26, 1988, USAA settled with Miller for $300,000. On October 31, 1988, USAA filed an indemnity action in diversity against Barger in the United States District Court for the Northern District of Ohio. USAA alleged that it was subrogated to the interests of Burke, and that Burke was liable for Miller's injuries only vicariously, because of Barger's negligent conduct.

USAA filed a motion for summary judgment, contending that, *inter alia*, Barger's negligence was the sole proximate cause of Miller's injuries, and that the amount of Miller's settlement was reasonable in light of his injuries. Barger also filed a motion for summary judgment, stating that timely and proper notice of his potential liability and duty to defend or indemnify Burke and USAA was an essential element in a suit for indemnity, and that he never received any notice. In a deposition taken for this action, Barger alleged that, during the pendency of Miller's lawsuit, Burke instructed him to stay out of the suit.

USAA filed a brief opposing Barger's motion for summary judgment, contending that notice was properly given by the February 1988 letter. On July 25, 1989, the court granted Barger's motion for summary judgment, denied USAA's motion for summary judgment, and dismissed USAA's complaint. The court found that, under Ohio law, the party seeking indemnification must prove that timely notice was given to the prospective indemnitor.

The court found that notice was indeed given by the February 2, 1988 letter, but that this notice was not timely. The court stated that the two and one-half year delay between Miller's filing of an action against Burke and the notice of indemnity to Barger did not provide Barger an adequate opportunity to participate in pretrial activities, such as depositions, and was thus untimely as a matter of law. In so deciding, the district court looked to the one-year period allotted for service of process under Ohio R.Civ.P. 3(A). USAA appealed.

## II

On appeal, Barger contends that he was not properly given any notice of indemnification whatsoever, while USAA argues that notice was given and it was timely. We agree with the district court that notice was given, but that such notice was untimely.

As an initial matter, the record demonstrates that Barger did receive notice, even if he may not have received such notice personally. His 13-year-old son signed for the notice, which had been sent by certified mail. Barger points out that, under Ohio R.Civ.P. 4.2(1), service of process upon an individual under 16 years of age is not valid, and thus argues that this notice was not properly given. Further, Barger notes that neither USAA nor Burke were diligent in ascertaining whether he in fact had been notified, and thus should not be considered to have notified him. We disagree.

To the extent the Ohio rules for service of process are instructive on the question of whether notice was given, we note that Ohio R.Civ.P. 4.1(1), states:

Evidenced by return receipt *signed by any person*, service of any process shall be by certified mail unless otherwise permitted by these rules.

Ohio R.Civ.P. 4.1(1) (emphasis added). Ohio R.Civ.P. 4.2(1) disallows service of process upon an individual under the age of sixteen *if that individual is the one named in the suit*. In this case, it was

Barger, and not his son, who was the subject of the notice of indemnification. Barger's son was the "any person" who signed for the notice. We find that USAA and Burke discharged any duty to notify Barger by sending the properly addressed notice of indemnification by certified mail, and receiving a return receipt.

■ Ohio R.Civ.P. 4.1(3) also allows "Residence Service," which may be

> effected by leaving a copy of the process and the complaint, or other document to be served, at the usual place or residence of the person to be served with *some person of suitable age and discretion then residing therein.*

Ohio R.Civ.P. 4.1(3) (emphasis added). Barger testified that his son was responsible and gave him messages; thus, his son would seem to be a person of suitable age and discretion under this provision. We find that Barger's son was also of suitable age and discretion to sign for the notice of indemnification.

■ We find, however, that the notice Barger received was untimely as a matter of law. The answer to the legal question of whether notice was timely given turns on the facts and circumstances of the case. *See Ohio Casualty Ins. Co. v. Ford Motor Co.,* 443 F.Supp. 80, 82 (S.D. Ohio 1977). Viewing the evidence in the light most favorable to USAA, we find that the particular facts of this case indicate that the notice given Barger was not timely.

Even though Barger admitted that he was aware of Miller's lawsuit against him in Ohio state court, the actions of USAA and Burke in that suit render the subsequent notice untimely. Barger's simple awareness of the lawsuit and of his role in it does not absolve USAA of its duty to notify him in a timely manner of potential liability and his duty to defend or indemnify it and Burke. Barger persuasively asserts that, despite Miller's naming of him in the lawsuit, he thought that USAA was not going to seek indemnity from him. In a deposition taken in the current action, Barger stated that Burke told him to stay out of the suit. Burke did not interplead Barger or cross-claim against him.

Barger further points out that he testified in a deposition without counsel on December 28, 1987 in the state court case. During this testimony, Burke's attorney elicited statements from Barger that implicated Barger in Miller's injuries. The fact that USAA induced Barger to proceed without counsel, and elicited damaging testimony from him, further indicated to Barger that USAA did not intend to seek indemnity from him.

Barger also contends that, had he been given timely notice, he could have called expert witnesses on medicine and construction techniques, and that four months was an insufficient amount of time to assemble these witnesses. We agree. In these respects, his defense of the action was prejudiced.

We do not agree with the district court's imposition of a strict one-year period for notice of indemnification, following the one-year period for perfection of service under Ohio R.Civ.P. 3(A). The purposes behind perfection of service and notice of indemnification differ. Nonetheless, we find that the particular circumstances of this case, including USAA's and Burke's actions in the state court case, and Barger's possible trial strategies that were impaired in that case, support the district court's finding that notice was not timely given to Barger.

### III

■ Finding that notice was not timely given, we must now decide whether USAA can maintain an action for indemnity in its absence. The district court found that USAA could not, and we agree. Under Ohio law, a prospective indemnitee's failure to provide timely notice to a prospective indemnitor will bar an indemnity action. *Globe Indem. Co. v. Schmitt,* 142 Ohio St. 595, 53 N.E.2d 790, 794 (1944); *Maryland Casualty Co. v. Frederick Co.,* 142 Ohio St. 605, 53 N.E.2d 795 (1944). *See also Allstate Ins. Co. v. U.S. Associates Realty, Inc.,* 11 Ohio App.3d 242, 464 N.E.2d 169, 174 (1983) ("However, being a claim for indemnification, it is barred by lack of proper notice to U.S. Associates."); *Ohio*

*Casualty Ins. Co. v. Ford Motor Co.,* 443 F.Supp. 80, 82 (S.D.Ohio 1977); *Nationwide Mut. Ins. Co. v. General Accident Fire & Life Assur. Corp.,* 23 Ohio App.2d 263, 262 N.E.2d 885, 887 (1970) ("Undoubtedly, plaintiff must prove that it gave proper and timely notice to the party from which recovery is sought that it was liable to respond.").

In *Globe Indemnity,* the Ohio Supreme Court held "... the one seeking indemnity, after making voluntary settlement, must prove that he has given proper and timely notice to the one from whom it is sought...." 53 N.E.2d at 794. Similarly, the *Maryland Casualty* court stated:

> Before a tort-feasor secondarily liable may be entitled to indemnity from the one primarily liable, the latter must be fully and fairly informed of the claim and the pendency of the action and given full opportunity to defend or participate in the defense.

53 N.E.2d at 795.

Despite these holdings, USAA argues that timely notice is not a prerequisite to the maintenance of an action for indemnity. *Travelers' Ins. Co. v. Great Lakes Engineering Works Co.,* 184 F. 426 (6th Cir. 1911) (interpreting Ohio law). USAA argues that a failure to provide timely notice does not bar an action for indemnity, but rather alters the alleged indemnitee's burden of proof. If notice is timely given, USAA claims that an indemnitee must prove *probable* liability of the indemnitor and the *reasonableness* of the indemnitee's settlement with the injured third party.

In the absence of notice, USAA claims that an indemnitee simply bears the burden of proving the *actual* liability of the indemnitor and *actual* damages to the third party; however, the indemnitee is not barred from maintaining an action for indemnity. This court in *Great Lakes Engineering* stated:

> If the [prospective indemnitee] saw fit to pay the claimed liability without judgment, and without warning in the [prospective indemnitor], so as to bind it by that judgment, the burden rests upon it of establishing in this suit, by proof, not

only that [the third party's death] occurred through the negligence of the [prospective indemnitor], but also the extent of the damages recoverable by his relatives on account of that death.

184 F. 426, 433 (6th Cir.1911). The *Great Lakes Engineering* court does not cite any Ohio statute or case in support of this statement.

Although *Great Lakes Engineering* has not been overruled, we simply cannot harmonize it with the subsequent pronouncements of the Ohio Supreme Court in *Globe Indemnity* and *Maryland Casualty,* and of Ohio inferior state court cases following these decisions, such as *Allstate Ins. Co. v. U.S. Associates Realty, Inc.,* 11 Ohio App.3d 242, 464 N.E.2d 169, 174 (1983) and *Nationwide Mut. Ins. Co. v. General Accident Fire & Life Assur. Corp.,* 23 Ohio App.2d 263, 262 N.E.2d 885, 887 (1970). The *Great Lakes Engineering* court regarded notice as, at best, desirable. The Ohio Supreme Court in *Globe Indemnity* and *Maryland Casualty,* and a number of Ohio appellate courts, regard notice as an absolute necessity. In deciding questions of state law, as we must here, we follow the pronouncements of the state courts. *See Foster v. Caterpillar Tractor Co.,* 714 F.2d 654, 656 (6th Cir.1983).

We further note that *Great Lakes Engineering* was decided long before *Globe Indemnity,* and in this respect does not reflect Ohio law on the subject of proper and timely notice in indemnity actions after *Globe Indemnity.* We find no instance where *Great Lakes Engineering* has been either cited or followed by a court in this circuit or by an Ohio state court on the question of whether timely notice is required for an indemnity action.

USAA asserts that the language in the *Globe Indemnity* and *Maryland Casualty* cases regarding timely notice was merely dicta. The adequacy or timeliness of notice was not at issue in either case. It is clear, however, that dicta is a valuable source for a federal court attempting to determine state law. *Towne Realty, Inc. v. Safeco Ins. Co.,* 854 F.2d 1264, 1269 n. 5 (11th Cir.1988). We note, further, that at

least one Ohio court has *held* that a failure to give timely notice bars an indemnity action. *Allstate Ins. Co. v. U.S. Associates Realty, Inc.*, 11 Ohio App.3d 242, 464 N.E.2d 169, 174 (1983).

USAA claims that the *Globe Indemnity* court distinguishes between cases where the indemnitee seeks to bind the alleged indemnitor with the judgment in the underlying action, and those where the indemnitee seeks to prove the actual liability of the indemnitor and actual damages in a subsequent action. In the former type of cases, USAA claims that notice and an opportunity to defend is required. *See Hollywood Barbecue Co., Inc. v. Morse*, 314 Mass. 368, 50 N.E.2d 55 (1943); *Otis Elevator Co. v. Maryland Casualty Co.*, 95 Colo. 99, 33 P.2d 974 (1934). However, in the latter type of cases, USAA contends that notice is not even mentioned. *See Northern Ohio Ry. v. Akron Canal & Hydraulic Co.*, 18 Ohio Cir.Dec. 51 (8th Cir.Ct. 1905); *Derry Elec. Co. v. New England Tel. & Tel. Co.*, 31 F.2d 51 (1st Cir.1929). This distinction, however, is of USAA's own creation, and is not one noted by the *Globe Indemnity* court.

USAA correctly states that the *Globe Indemnity* court cited these cases, but these citations were for other principles of tort law, and did not concern the necessity of notice. We are not persuaded that the *Globe Indemnity* court's citation of these cases for one purpose binds them to the rationale of these cases for all purposes. Indeed, we find nothing unusual about the fact that Ohio tort law resembles the tort law of certain states in some respects, but differs from it in other respects. However, nothing cited by USAA alters the Ohio Supreme Court's pronouncements on the need for prior notice in an indemnity action.

Although we find that USAA is barred from pursuing an action for *indemnity* against Barger based on the $300,000 judgment under any standard of proof, we do not express any opinion as to whether Ohio law allows the maintenance of a separate action for *contribution*, nor do we intend to preclude it by this opinion. We note, however, that USAA must have a valid

argument for contribution, and cannot simply cast an indemnity action as a contribution action to circumvent the bar. *See Allstate Ins. Co. v. U.S. Associates Realty, Inc.*, 11 Ohio App.3d 242, 464 N.E.2d 169, 174 (1983).

Accordingly, the judgment of the district court is AFFIRMED.