· **FRANKLIN PARK MALL, INC., Appellant and Cross–Appellee,**

**v.**

**WTVG, INC., Appellee and Cross–Appellant.**

[Cite as *Franklin Park Mall, Inc., v. WTVG, Inc.* (1995), 101 Ohio App.3d 535.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–94–126.

Decided March 3, 1995.

*Gerald R. Kowalski* and *Rebecca C. Sechrist,* for appellant and cross-appellee.

*James F. Nooney,* for appellee and cross-appellant.

SHERCK, Judge.

This appeal comes to us from orders issued by the Lucas County Court of Common Pleas. The common pleas court granted cross-motions for directed verdicts in a suit wherein joint tortfeasors sought indemnification and/or contribution from each other following a settlement with the estate of an injured party. Because we conclude that the trial court erred when it determined that the legislature had modified the fundamental nature of R.C. 2307.31, the contribution statute, we reverse that portion of the court's judgment which directed a verdict on the issue of contribution.

On December 26, 1988, a news crew from appellee/cross-appellant Toledo television station WTVG prepared to do a live noontime report from the interior of a shopping center owned and operated by appellant/cross-appellee Franklin Park Mall, Inc. The remote broadcast was done with the express permission of appellant.

To facilitate this broadcast, appellee's crew laid a cable from the mall's center court, through an area known as the food court, to a technical vehicle outside. At trial, the cable became the focus of several disputed matters: whether its route was approved by mall security, whether appellee's crew refused to relocate the cable, and whether appellant's security personnel were to have guarded the cable.

A mall patron, Stella Zaleski, tripped over the television cable and fell, breaking her shoulder. While hospitalized from this injury, Zaleski lapsed into a coma and died. Her estate brought a negligence action naming both appellant and appellee as defendants. This lawsuit was settled by an agreement wherein

appellant and appellee agreed to pay the Zaleski estate $700,000. Each of the defendants agreed to contribute half of this amount while reserving the right to seek indemnification or contribution from the other.

Following this settlement, appellant brought the lawsuit underlying this appeal, seeking indemnification or contribution from appellee. Appellee counterclaimed seeking the same remedy against appellant. The case proceeded to a jury trial, at the conclusion of which both parties moved for a directed verdict. The trial court granted each party's motion for a directed verdict against the other on the indemnification issue.

Regarding the issue of contribution, the court initially noted that the parties had stipulated that they were jointly liable to the Zaleski estate. The court then examined a 1988 change in the language of R.C. 2307.31(F) which substituted the words "legal responsibility" for the word "fault" as a basis for apportioning the liability of joint tortfeasors. The court concluded that, since the parties had conceded that they were jointly liable, their "legal responsibility" was equal. Therefore, the court determined that neither party was responsible to the other for contribution. The court then granted each party's motion for a directed verdict against the other on the contribution issue.

Appellant appeals that decision, setting forth the following two assignments of error:

"1. The trial court erred in granting a directed verdict on the issue of whether Franklin Park Mall is entitled to indemnification from WTVG, Inc.

"2. The trial court erred in directing a verdict on the issue of whether Franklin Park Mall has a right of action against WTVG for contribution."

Appellee puts forth a single conditional assignment of error on cross-appeal:

"If the trial court erred in directing a verdict on the issue of whether Franklin Park Mall has a right of action against WTVG for contribution, then it necessarily also erred in directing a verdict on the issue of whether WTVG and/or its subrogated insurer, has a right of action against the Mall for contribution."

## I

The trial court properly determined that indemnification was unavailable to either party. Indemnity is available only to one who, because of a relationship to another whose acts or omissions give rise to an action, is vicariously or secondarily liable to the person injured as a consequence of those acts or omissions. *Maryland Cas. Co. v. Frederick Co.* (1944), 142 Ohio St. 605, 27 O.O. 529, 53 N.E.2d 795, at paragraphs one and two of the syllabus. Examples of such relationships are a retailer held liable for tainted food sold to

him by a wholesaler, an employer of a negligent independent contractor and the principal of an agent who commits a tortious act. *Reynolds v. Physicians Ins. Co. of Ohio* (1993), 68 Ohio St.3d 14, 16, 623 N.E.2d 30, citing *Losito v. Kruse* (1940), 136 Ohio St. 183, 185–186, 16 O.O. 185, 186–187, 24 N.E.2d 705, 706–707. Indemnification is not available where two persons who owe a common duty to a third party act in concert to breach that duty. *Maryland Cas. Co. v. Frederick, supra,* at paragraph three of the syllabus.

■ In the present matter, both appellant and appellee owed a common duty of care to the customers of the mall. Although the evidence at trial is in conflict as to the degree of fault each party must accept, it is reasonable to conclude from the testimony that each party was in some sense actively responsible for the presence of the television cable over which Zaleski tripped. Appellee's employees placed the cable there and appellant's employees permitted it to remain there. Since each party committed acts or omissions which gave rise to the action, neither may seek indemnification from the other. Accordingly, appellant's first assignment of error is found not well taken.

## II

■ The parties agree that their cross-claims for contribution are governed by R.C. 2307.31. That statute states:

"(A) Except as otherwise provided in this section or section 2307.32 of the Revised Code, if two or more persons are jointly and severally liable in tort for the same injury or loss to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than his proportionate share of the common liability, and his total recovery is limited to the amount paid by him in excess of his proportionate share. No tortfeasor is compelled to make contribution beyond his own proportionate share of the common liability. * * *

" * * *

"(F) The proportionate shares of tortfeasors in the common liability shall be based upon their relative degrees of legal responsibility. * * * "

The traditional interpretation of the statute is that when there are joint or concurrent tortfeasors one is entitled to recover from the other to the degree that one has paid more than his or her proportional share of the common liability. *Lattea v. Akron* (1982), 9 Ohio App.3d 118, 122, 9 OBR 182, 185–186, 458 N.E.2d 868, 872–873. The proportional share of liability for each tortfeasor is determined by assessing the degree to which the negligence of each was a proximate cause of the injury at issue. *Id.*

In this case, appellee argued to the trial court that a 1988 amendment to R.C. 2307.31 negated the traditional interpretation of the statute. Appellee urged that the legislature's substitution of the words "legal responsibility" for the word "fault" in R.C. 2307.31(F) (quoted above), see 1987 Am.Sub.H.B. 1, 142 Ohio Laws, Part I 1661, 1671–1672, indicated its intent to change the statute's formulation. The result, appellee suggested, was that apportionment of damages between concurrent or joint tortfeasors was no longer contingent on the relative fault of the parties, but was now based on the legal ramifications of joint or concurrent action. In applying this analysis to the present case, appellee suggests that because each of the two parties was legally liable to the estate of Zaleski, each was one-half liable. Since each party had already paid one-half of the agreed settlement amount, neither party was liable to the other. The trial court incorporated this reasoning into its opinion granting appellee a directed verdict on the contribution issue.

While appellee's theory has a certain attractiveness for its mathematical simplicity, we find no support for it in logic or in the legislative history of Am.Sub.H.B. No. 1. First, as appellant points out, to accept appellee's premise would render nugatory much of R.C. 2307.31 and 2307.32. This would contravene the presumption that statutes are intended to be effective as to all measures contained therein. R.C. 1.47(B). Second, if determining the relative responsibility of joint tortfeasors involved no more than dividing the damages by the number of tortfeasors, there would be little need for elaborate statutory guidance in apportioning liability. Finally, the analysis of Am.Sub.H.B. 1 prepared by the Legislative Service Commission explores in detail the intended effect of the changes in the law of contribution contained in that bill. These changes range from applying comparative negligence to multiple defendants to merely substituting words to make terminology consistent. Baldwin's Ohio Legislative Service (1987) 5–843. Had the legislature intended a fundamental amendment in the operation of the contribution statute, as appellant suggests, it is unlikely that the Legislative Service Commission would have omitted that fact from its official analysis of the bill. We can find no support for the interpretation of R.C. 2307.31 advanced by appellee and adopted by the trial court. Therefore, the trial court erred in directing a verdict on the issue of contribution. Accordingly, appellant's second assignment of error is well taken.

### III

Appellee's cross-claim for contribution is revived by our decision as well. It is a question of fact as to which, if any, of the parties paid a disproportional share of the settlement amount. Accordingly, appellee's conditional cross-assignment of error is also found well taken.

On consideration whereof, the court finds substantial justice has not been done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is, in part, reversed. It is ordered that appellee pay the court costs of this appeal.

*Judgment affirmed in part*
*and reversed in part.*

GLASSER and MELVIN L. RESNICK, JJ., concur.