The OHIO CASUALTY INSURANCE
CO., Plaintiff,

v.

FORD MOTOR COMPANY, Defendant.

No. C-2-72-286.

United States District Court,
S. D. Ohio, E. D.

July 22, 1977.

Charles N. Myers, Jr., Columbus, Ohio, for plaintiff.

Edgar A. Strause, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

Plaintiff brings this action on an implied contract of indemnity to recover certain payments made by plaintiff on behalf and for the benefit of its insured, Charles E. Wilson. The defendant has moved for summary judgment pursuant to Fed.R.Civ.P. 56. Upon consideration of the stipulated facts, and for the reasons stated herein, the Court finds that the defendant's motion is well taken and must be granted.

Defendant's first ground for summary judgment is the plaintiff's alleged failure to give proper notice of its indemnity claim to the defendant. The plaintiff in this case entered into and consummated settlement agreements in five different cases filed in the Court of Common Pleas of Jackson County, Ohio. Each of these cases sought to recover damages for personal injuries or property damage arising out of a September 11, 1963, accident involving a truck owned and operated by plaintiff's insured.

The January 19, 1977, stipulation filed in this case indicates that no demand or notice of any kind was given by plaintiff or its insureds to defendant Ford prior to the settlement of four of these cases. Although Ford was originally named as a defendant in two of the four cases, it had been dismissed as a party prior to the settlements here in question.

The fifth case involved the claims of Mary K. Brown for personal injuries and John E. Brown for expenses, loss of services and consortium. On December 29, 1966, counsel for plaintiff sent a letter to defendant advising it of the Brown claims. That letter stated, in part:

> After considerable thought and much negotiation we have entered into an agreement of complete settlement on behalf of Charles E. Wilson with Mary K. Brown and John E. Brown for the sum of $75,-000.00 and costs.
>
> Because of the defective manufacture of said truck identified above, it is our position on behalf of our client that we have an action over against your Company for damages suffered by our client arising out of the settlement of these two claims. We are, by this letter, making demand upon your Company to pay the settlement of $75,000.00, which has been agreed upon, plus the expenses of investigation and litigation and thereby avoid further litigation as concerns these particular claims.
>
> Would you please advise us of your position on or before January 17, 1967, so that we can proceed accordingly.

The defendant replied on January 11, 1967, that

> Ford Motor Company is not liable to either your assured or your client, Ohio Casualty Insurance Company, and we must therefore firmly reject your suggestion to the contrary.

Ford was originally named as a defendant in the Brown state court action, but was dismissed on August 9, 1965, after a payment of $9,250.00 to Mary Brown. The plaintiff consummated its settlement with the Browns on January 23, 1967.

The parties agree that this Court should apply Ohio law in this diversity action. The parties further agree that Ohio law requires that one seeking indemnity under an implied contract must prove that proper and timely notice was given to the party from whom indemnity is sought. *Globe Indemnity Co. v. Schmidt*, 142 Ohio St. 595, 53 N.E.2d 790 (1944). Both parties cite the syllabus of *Maryland Casualty Co. v. Frederick Co.*, 142 Ohio St. 605, 53 N.E.2d 795, 799 (1944) as setting forth the test of proper and timely notice under Ohio law. There the Court stated:

> Before a tort-feasor secondarily liable may be entitled to indemnity from the one primarily liable, the latter must be fully and fairly informed of the claim and the pendency of the action and given full opportunity to defend or participate in the defense.

The defendant characterizes the December 29 letter relating to the Brown claim as a notice of a settlement that had already been finalized. Thus, the defendant argues, it was not "given full opportunity to defend or participate in the defense." Plaintiff contends that it was awaiting the defendant's reply before finalizing the settlement. Whether the December 29 letter constitutes a proper and timely notice of plaintiff's indemnity claim turns on the status of the settlement negotiations between the plaintiff and the Browns. This factual question cannot be resolved upon the present record. Thus, summary judgment is not appropriate with respect to the Brown claim on the issue of inadequate notice.

With respect to the other four claims, however, the stipulated facts clearly indicate that no notice of any kind was given to the defendant prior to the consummation of the settlement agreements. The December 29 letter pertained solely to the Brown claims, and cannot be construed as a general notice of plaintiff's assertion that it is entitled to indemnity with respect to all claims arising out of the September 11, 1963, accident. This letter does not fully and fairly inform the defendant of any claim or of any pending action other than the Brown claim. Each of the cases filed in the state court constitutes a separate and distinct claim for which the present plaintiffs seek indemnity from the defendant. Thus, I believe that proper and timely notice must be given with respect to each claim for which indemnity is sought. Otherwise, the purpose for the requirement stated in *Globe Indemnity Co., supra*, that proper and timely notice be given in indemnity actions is not met. See 73 A.L.R.2d 504. Although the defendant was originally a party to two of the state court actions, it was not given notice of the plaintiff's indemnity claim in those actions nor did it participate in the defense of those actions. The defendant's knowledge of the existence of these actions is not sufficient to bind it as an indemnitor of the settlements reached by plaintiff in those actions. 73 A.L.R.2d 504 § 5.

Plaintiffs having failed to give proper and timely notice to the defendant of the claims asserted by Nationwide Mutual Insurance Company, Aetna Insurance Company, Oak Hill Foundry and Machine Works, Inc., and Elvarie Rose, it is precluded from recovering on an implied contract of indemnity from the defendant. Summary judgment is therefore appropriate in the defendant's favor with respect to these claims.

The defendant's second ground for summary judgment is its contention that the negligence of plaintiff's insured bars indemnity in this case. The plaintiff contends that its action is one for breach of an implied warranty by the defendant for failure to adequately design the brake bolt assembly. The plaintiff further argues that contributory negligence is not a defense to an action for breach of an implied warranty of quality.

In *Temple v. Wean United*, 50 Ohio St.2d 317, 322, 364 N.E.2d 267 (1977), the Ohio Supreme Court approved Section 402A of the Restatement of Torts 2d. The Court held that there are "virtually no distinctions" between the Ohio theory of implied warranty in tort [*Lonzrick v. Republic Steel Corp.*, 6 Ohio St.2d 227, 218 N.E.2d 185 (1966)] and the restatement version of strict

liability in tort. Although contributory negligence is not generally recognized as a defense to an action premised on strict liability in tort, this Court need not decide whether Ohio courts would permit the defense of contributory negligence under the circumstances presented by the facts in this case. The cause of action in this case arises under an implied contract of indemnification based upon primary and secondary liability. Any action for breach of an implied warranty is barred by the two-year statute of limitations provided by R.C. 2305.10. See *Andrianos v. Community Traction Co.*, 155 Ohio St. 47, 97 N.E.2d 549 (1951); *Mahalsky v. The Salem Tool Co.*, 461 F.2d 581 (6th Cir. 1972). The United States Court of Appeals for the Sixth Circuit determined that the six-year statute of limitations contained in R.C. 2305.07 applied in this case because the ground of action pleaded was one under an implied contract and not one for personal injury or property damage arising out of the breach of an implied warranty. *Ohio Casualty Insurance Co. v. Ford Motor Co.*, 502 F.2d 138, 140 (6th Cir. 1974).

Even if an action for breach of implied warranty were not barred by the statute of limitations, the Court notes, but does not decide, whether damages for breach of an implied warranty can include monies paid to injured third persons. In *Temple v. Wean, supra,* the Ohio Supreme Court stated that the "restatement formulation, together with its numerous illustrative comments, greatly facilitates analysis" in the area of strict liability in tort. 50 Ohio St.2d at 322, 364 N.E.2d at 271. Comment *o* to § 402A of the Restatement 2d states:

> Thus far the courts, in applying the rule stated in this section, have not gone beyond allowing recovery to users and consumers as those terms are defined in Comment *l.* Casual bystanders, and others who may come in contact with the product, as in the case of . . . a pedestrian hit by an automobile, have been denied recovery.

I believe that the active fault of plaintiff's insured is a complete and valid de-fense to an action for indemnity arising under an implied contract. In the second stipulation of fact filed January 19, 1977, the parties stipulate that the overloading of the truck by plaintiff's insured at the time of the accident was a direct and proximate cause of the shearing of the backing plate bolts. It is well established under Ohio law that an implied contract of indemnity arises only in circumstances of primary and secondary or vicarious liability, and not in the circumstances of joint or concurrent tort-feasors. *Globe Indemnity v. Schmidt, supra; Maryland Casualty Co. v. Frederick Co., supra; Massachusetts Bonding & Insurance Co. v. Dingle-Clark Co.*, 142 Ohio St. 346, 52 N.E.2d 340 (1943). The negligence of plaintiff's insured in this case can only be characterized as "active" negligence. It is clearly distinguishable from the above-cited cases wherein the indemnitee's liability to an injured third person arose out of the common law duty of a landowner to protect third persons from potentially dangerous hazards on his land. The negligence of plaintiff's insured is also distinguishable from the passive negligence exemplified by the breach of a duty to inspect. See *United Pacific Insurance Co. v. Balcrank*, 175 Ohio St. 267, 193 N.E.2d 920 (1963). My review of Ohio case law indicates that the distinction between active and passive negligence is the controlling factor in deciding whether or not indemnity will be allowed. See also Annotation 28 A.L.R.3d 943.

Plaintiff's claim, arising through subrogation, can rise no higher than its source. 50 O.Jur.2d Subrogation § 26. Thus, any defense which could be asserted by defendant in an action brought by plaintiff's insured, may also be asserted in this action. The stipulated facts clearly show that the active fault of plaintiff's insured was a direct and proximate cause of this accident. Since plaintiff's insured actively participated in the act or omission causing injury, no relationship of primary and secondary liability arises. Under Ohio law, therefore, no right of indemnity exists.

For the reasons stated, the Court finds that there is no genuine issue as to material fact, and that the defendant is entitled to judgment as a matter of law. The defendant's motion for summary judgment is therefore ORDERED to be and hereby is GRANTED.