**HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al., Plaintiffs,**

v.

**J.I. CASE COMPANY, Defendant.**

**No. C-3-83-733.**

United States District Court, S.D. Ohio, W.D.

Dec. 9, 1985.

Gary W. Gottschlich, Dayton, Ohio, for plaintiffs.

Leo F. Krebs, Dayton, Ohio, for defendant.

## DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RICE, District Judge.

This case arises out of injuries Mrs. Rosalinda Siefring incurred when an employee of Plaintiff Riverside Transportation Services, Inc., Luke Post, lost control of a loader and collided with a parked car which then struck and injured Mrs. Siefring. The loader involved in the collision was one manufactured by Defendant J.I. Case Company. Mrs. Seifring brought a lawsuit seeking compensation for her injuries against Riverside, and subsequently entered into a settlement agreement with that company.

Plaintiffs Riverside and Hartford Accident and Indemnity Company, Riverside's insurer, seek either indemnification or contribution from Defendant Case based upon Case's allegedly defective manufacture of the loader. Defendant has moved for summary judgment on both claims. (Doc. # 27). For the reasons set forth below, Defendant's motion is overruled as to Plaintiffs' indemnity claim, but granted as to Plaintiffs' contribution claim.

### I. *The Indemnity Claim.*

Plaintiffs claim that the loader Case manufactured was defective so as to create a basis for indemnity either in strict liability or negligence. Under Ohio law, "[i]ndemnity ... is the right of a person who is only secondarily liable to recover from the person primarily liable for proper expenditures paid to a third party through the violation of their common duties. A person is secondarily liable to a third party where his negligence is only passive and joins with active negligence of another to cause the injury. A person is primarily liable through active negligence or through

actual knowledge of a dangerous situation and acquiescence in the continuation thereof." *Lattea v. City of Akron,* 9 Ohio App.3d 118, 458 N.E.2d 868 (1982). *See also Ohio Casualty Insurance Co. v. Ford Motor Co.,* 443 F.Supp. 80, 83 (S.D.Ohio 1977) ("It is well established under Ohio law that an implied contract of indemnity arises only in circumstances of primary and secondary or vicarious liability, and not in the circumstances of joint or concurrent tortfeasors.").

Hartford, as Riverside's insurer, is subrogated in its claim to Riverside's right to indemnification. *See Ohio Casualty Insurance,* 443 F.Supp. at 83. Any defenses Case has against Riverside will defeat Hartford's claim. Thus, Hartford's claim will fail if Riverside was actively negligent.

■ Two bases for a finding of active negligence on Riverside's part potentially exist. Riverside may itself have acted negligently in the events that led to Mrs. Siefring's injuries. Alternatively, the negligence of Riverside's employee, Luke Post, under the doctrine of *respondeat superior* may impute liability to Riverside as if it had been actively negligent. Harold Lucas, Riverside's president, maintains that he specifically instructed his employees not to operate the loader on the highway. *See* Transcript of Deposition of Harold Lucas, March 26, 1985, at pp. 18–19. (Doc. # 33, Exhibit A). Plaintiffs, therefore, have raised a genuine issue as to whether Riverside was in itself negligent.

■ While Plaintiffs contend that Defendant Case has not established that Luke Post was negligent in the events that led to Mrs. Siefring's injury, a review of the uncontroverted facts of this case indicate that no genuine issues of fact exist as to Mr. Post's negligence. Plaintiffs do not contest the fact that the loader was without brakes at the time it was taken on the highway. *See* Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. # 33) at 2. Ohio Revised Code § 4513.20 provides: "Every trackless trolley and motor vehicle, other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such trackless trolley or motor vehicle...." Thus, Mr. Post's operation of the loader without brakes on the highway violated the statute and was negligent *per se.* Plaintiffs have not disputed that the loss of control of the loader was the proximate cause of Mrs. Siefring's injuries. Thus, Mr. Post was actively negligent.

■ However, the effect of Mr. Post's negligence on Riverside and Hartford's claim for indemnity depends upon whether the negligence imputed to Riverside under the doctrine of *respondeat superior* is active or passive. The Ohio Supreme Court has not addressed the issue of whether an employer held liable under *respondeat superior* is imputed with passive or active negligence. This Court believes, however, that were the Ohio Supreme Court to address this question, it would find that under the doctrine of *respondeat superior,* employers are imputed only with passive negligence liability for the acts of their employees.

Under Ohio law, when an employer is liable under the doctrine of *respondeat superior* for damages caused solely by the negligence of an employee, she is only secondarily liable to the injured party and the employee is primarily liable. *Losito v. Kruse,* 136 Ohio St. 183, 24 N.E.2d 705 (1940); *see also Shaver v. Shirks Motor Express Corp.,* 163 Ohio St. 484, 495, 127 N.E.2d 355 (1955) ("Under the doctrine of *respondeat superior,* the agent or servant is primarily negligent for his negligence, and his principle or master is secondarily liable therefore."). This distinction was explicated by the Court of Appeals: "Thus the doctrine of *respondeat superior* places liability on the employer for the employee's negligent acts. The liability is *imputed* to [the defendant] and does not arise because [the defendant] and its employee are joint tortfeasors. (This is sometimes referred to as the doctrine of primary and secondary liability.)" *American Insurance Group v. McCowin,* 7 Ohio App.2d 62, 218 N.E.2d

746, 749 (1966) (emphasis in original). Thus, at least in relation to the injured party, Ohio courts have distinguished an employer's liability from that of the employee, and have held that the employer can recover any loss from the employee. *Losito,* 136 Ohio St. 183, 24 N.E.2d 705; *American Insurance Group,* 7 Ohio App.2d at 65, 218 N.E.2d at 749.

This Court believes that if presented with the question, the Ohio Supreme Court would extend this secondary liability to the employer's relationship with the employee's joint tortfeasors. In Ohio law, the doctrine of *respondeat superior* is based in the presumed power of an employer to control the actions of her employees. *See Babbitt v. Say,* 120 Ohio St.2d 177, 188–91, 165 N.E. 721 (1929); *cf. Higbee Co. v. Jackson,* 101 Ohio St. 75, 79, 128 N.E. 61 (1920) ("The law holds the master for what the servant does or omits in conducting the master's business, because the master has voluntarily substituted the management and supervision of the servant for his own."). Essentially, the doctrine of *respondeat superior* allocates the burden of any loss on the employer who has theoretical control over her employees rather than place that burden on an innocent injured party. This basis of liability differs from an insurer's basis for liability, *i.e.,* contracting to stand in the place of the party at fault. Insurance primarily protects the tortfeasor from bearing the cost of an injury. *Respondeat superior* primarily protects the injured party from bearing that loss.

In this respect, the doctrine of *respondeat superior* is based in a policy similar to that supporting an occupier of land's duty to keep adjacent sidewalks safe. "Such liability rests on the theory that the occupier of the premises having created the potentially dangerous opening or having allowed it to exist has the non-delegable duty to see that it is kept and used at all times so as to not cause harm to passers-by." *Globe Indemnity Co. v. Schmitt,* 142 Ohio St. 595, 599, 53 N.E.2d 790 (1944). In both instances, liability is founded upon a party's role in setting up the conditions prece-

dent to the actual negligence, and not because of actual negligence by the party. Essentially, both occupiers of land and employers are under a duty to prevent negligence, in addition to their duty not to be negligent themselves.

The Ohio Supreme Court has found breach of this duty to prevent negligence by occupiers of land to be passive or secondary negligence, and therefore to not bar indemnity from active tortfeasors. *See, e.g., Globe Indemnity,* 142 Ohio St. at 601–04, 53 N.E.2d 790. *See also Ohio Casualty Insurance,* 443 F.Supp. at 83. Given the similarity in the bases of these two theories of negligence, this Court believes that the Ohio Supreme Court, were it to address the question, would adopt a rule holding employers only passively or secondarily negligent under the doctrine of *respondeat superior,* and therefore not barred from seeking indemnity from other tortfeasors by the negligence of their employees.

Thus, the negligence of Luke Post, Riverside's employee, is not a bar to Riverside and Hartford's claim for indemnity under the doctrine of *respondeat superior.* Since genuine issues as to material facts remain with regard to the negligence of Riverside itself, Defendant's motion for summary judgment on the issue of indemnity must be overruled.

## II. *The Contribution Claim.*

■ As an alternative to indemnification, Plaintiffs seek contribution from Case under the Contribution Among Joint Tortfeasors Act, O.R.C. § 2307.31. However, § 2307.31(B) of the Act provides: "A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement...." O.R.C. § 2307.32(F) clarifies this requirement: "When a release or a covenant not to sue ... is given in good faith to one or more persons liable in tort for the same injury ... (1) It does not discharge any of

the other tortfeasors from liability for injury ... unless its terms otherwise provide...."

The settlement agreement between Plaintiffs and Mrs. Siefring specifically releases only Riverside, Harold Lucas and Luke Post. It does not mention Case by name. Plaintiffs, however, contend that Case's liability was extinguished, and therefore contribution is available, because the agreement provides: "This release is intended to and does hereby extinguish any claim which Claimants may have against any other persons and/or entities, whether or not identified as a party in the aforementioned lawsuit, for the acts, damages, or events in question."

The Ohio Supreme Court, however, in *Beck v. Cianchetti*, 1 Ohio St.3d 231, 235, 439 N.E.2d 417, 420 (1982) specifically held that such a broad release does not satisfy O.R.C. § 2307.32(F): "We conclude that O.R.C. 2307.32 requires that a release designate by name or otherwise specifically identify a party to be released. Broad general language, such as 'all other persons,' is not sufficient." *See also Pakulski v. Garber*, 6 Ohio St.3d 252, 255–56, 452 N.E.2d 1300, 1303 (1983) (distinguishing *Beck* from release of party in the specific category of "agent" in the settlement.) Thus, the broad language of this release cannot be construed as satisfying Ohio's statutory requirement.

Thus, Plaintiffs have no basis for contribution from Case. Plaintiffs' settlement agreement did not specifically name or identify Case as a party to be released. Under O.R.C. § 2307.31(B), Defendant is therefore not liable for contribution to Plaintiffs. Plaintiffs' claim for contribution is entirely based upon the settlement agreement and not upon any judgment. Indeed, Mrs. Siefring's claims against Case could not have been extinguished by the settlement agreement, since at the time the settlement was signed, the claims had already been extinguished by the statute of limitations. *See* O.R.C. § 2305.10. Therefore, Defendant's Motion for Summary

Judgment on the claim for contribution is granted.