817 F.2d 756
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HARTFORD ACCIDENT & INDEMNITY COMPANY and Riverside
Transportation Services, Inc., Plaintiffs-Appellants
v.
J.I. CASE COMPANY, Defendant-Appellee.
 No. 86-3411.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1987.
 
 Before MARTIN and MILBURN, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 At issue here is the effect of a broad general release signed in conjunction with the settlement of a personal injury suit. Riverside Transportation Services, Inc. and its insurer Hartford Accident and Indemnity Company appeal the district court's grant of summary judgment for J. I. Case Company in their diversity action for contribution under Ohio law. For the reasons stated below, we affirm.
 
 
 2
 This action arises from an accident which occurred on August 4, 1981, and the subsequent settlement of the injured party's law suit. The accident occurred when Riverside employee Luke Post lost control of the CASE manufactured front-end loader he was driving due to its inoperable brakes. The loader collided with a parked car which in turn struck 59 year old Mrs. Rosalinda Siefring who was walking between the car and a building.
 
 
 3
 On March 16, 1983, Siefring brought an action against Riverside, its President, Harold Lucas, Luke Post, and other John Doe's, to recover damages for her injuries.
 
 
 4
 On August 3, 1983, Hartford and Riverside filed an action against Case seeking indemnification or contribution. Case then filed a motion to dismiss that action for failure to state a claim alleging that the only proper action was an action for contribution and it was not ripe until either a judgment was returned against Riverside, or its insurer had discharged the common liability by payment by virtue of the Uniform Contribution Among Tortfeasors Act.
 
 
 5
 Hartford and Riverside then settled the case with Siefring for $540,000 and had her sign a "Settlement Receipt and Release" specifically releasing Riverside, Harold Lucas, Luke Post, their heirs, executors, administrators, employers, employees, principals, agents, successors, assigns and insurers. It also contained a provision which was "intended to and does hereby extinguish any claim which claimants may have against any other persons and/or entities..." Other than this very broad sentence, there was nothing in the agreement specifically identifying Case or releasing it from liability. This agreement was signed in February of 1984 after the two year Ohio personal injury statute of limitations (Ohio Rev. Code Sec.2305.10) had run. Thus, absent some tolling provision, Siefring could no longer have sued J. I. Case for her injuries.
 
 
 6
 After the settlement, the trial court issued a Notation deeming Case's motion to dismiss moot and Case then filed an answer followed by a motion for summary judgment. The trial court sustained the motion with respect to the contribution claim and after an initial denial, sustained it on the indemnification claim on reconsideration. It is only the contribution issue which Hartford and Riverside appeal here.
 
 
 7
 The district court based its decision on Ohio's Contribution Among Joint Tortfeasor's Act, Ohio Rev. Code Sec. 2307.31. Section 2307.31(B) provides that "[a] tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement ..." That statute is further clarified by Ohio Rev. Code Sec. 2307.32 (F) which reads "[w]hen a release or a covenant not to sue ... is given in good faith to one of two or more persons liable in tort for the same injury ... (1) it does not discharge any of the other tortfeasors from liability for the injury ... unless its terms otherwise provide ..."
 
 
 8
 Under these statutes and Beck v. Cianchetti, 1 Ohio St. 3d 231, 439 N.E.2d 417 (1982), the district court found that Case's liability was not extinguished by the settlement agreement and that therefore Case was not liable for contribution. The court in Beck stated that a release containing language as broad as "all other persons" did not satisfy Ohio Rev. Code Sec. 2307.32(F). Indeed, the court below held that Siefring's claims against Case could not have been extinguished by the settlement agreement because at the time it was signed the statute of limitations had run and Case was no longer legally liable for Siefring's injuries. Though we do not believe this to be the central reason for the finding, we agree that such a general release could not have extinguished Case's liability.
 
 
 9
 Hartford and Riverside's main argument on appeal is that Beck is not controlling because it was not a case of contribution and that therefore the settlement agreement did indeed extinguish Case's liability making it subject to a contribution action. We believe this argument is without merit and affirm the judgment of the district court.
 
 
 10
 Though Beck v. Cianchetti, 1 Ohio St. 3d 231, was not a case of contribution, the court nevertheless construed the statutes regarding releases in a similar situation. Section 2307.32 of the Ohio Revised Code, the court held, abrogates the common law rule which provided that a release given to one tortfeasor was a release to all others. To allow a discharge based upon general language which does not name or identify a tortfeasor perpetuates the common law rule and is contrary to the statute.
 
 
 11
 We believe that the district court correctly applied Beck to this case. Hartford's reliance on Pakulski v. Garber, 6 Ohio St. 3d 252, 452 N.E.2d 1300 (1983), is misplaced. Pakulski is distinguishable because there the other tortfeasors were considered agents of the released tortfeasors. They were therefore encompassed by the language of the release which included "agents." Here, Case was not identified in any form by the release the parties executed. Had Hartford intended to release Case it would have identified Case and could have done so quite easily.
 
 
 12
 In addition, when reviewing a district judge's interpretation of state law, we give "considerable weight" to that judge's interpretation. Martin v. Joseph Harris Co., 767 F.2d 296, 299 (6th Cir. 1985) (citing Bagwell v. Canal Insurance Co., 663 F.2d 710, 712 (6th Cir. 1981). In this case the district judge has held that Beck applies to the question of the scope of general releases and we have seen no compelling arguments to the contrary.
 
 
 13
 For all of the foregoing reasons the judgment of the district court is affirmed.