[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
{¶ 1} Late on the evening of November 24, 1999, plaintiff-appellant, David Billups, ("passenger") was riding in a car driven by his longtime friend, Willie Hamilton, Jr. ("friend"), who was showing off improvements to his car by driving forty-five to fifty miles per hour on a twenty-five mile per hour street. At a cross-street, a car driven by defendant-appellee, Charles Marcus ("driver"), turned left onto the street that passenger and his friend were traveling on and the cars collided. Passenger was seriously injured and required extensive stitches to repair facial cuts.
 {¶ 2} Passenger filed suit separately against his friend on October 5, 2001 and against driver on November 23, 2001. The cases were consolidated and passenger settled with his friend in an agreed judgment entry dated August 19, 2002.
 {¶ 3} On June 22, 2002, driver filed a motion for summary judgment, which was granted on August 20, 2002. Passenger appealed, stating one assignment of error:
 The Trial Court Committed Plain Error When Summary Judgment Was Granted To The Defendant-appellee, Charles Marcus Against The Plaintiff-appellant, David Billups In Cv. 454083 In Violation Of R.C. 2307.33(F) [Formerly R.C. 2307.32.]
 {¶ 4} The appellate court reviews a summary judgment de novo.Hillyer v. State Farm Mut. Auto Ins. Co. (1996), 131 Ohio App.3d 172,175. The appropriate test for that review is found in Civ.R. 56(C), which states that summary judgment may be granted when, first, there is no genuine issue of material fact which remains to be litigated; second, as a matter of law, the moving party is entitled to judgment; and, third, a review of the evidence shows that reasonable minds can reach only one conclusion, which, when viewing that evidence most favorably to the party against whom the motion was made, is adverse to the nonmoving party.Temple v. Wean (1977), 50 Ohio St.2d 317, 327.
 {¶ 5} Initially, the party who seeks summary judgment has the burden of demonstrating the absence of any issue of material fact for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330. Once the moving party has satisfied that initial burden, however, the nonmoving party then has a similar burden of showing that specific facts demonstrate that a genuine issue of fact exists for trial. Dresher v. Burt (1996),75 Ohio St.2d 280. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59.
 {¶ 6} In his motion for summary judgment, driver relied on a release executed between passenger and his friend regarding this accident. Passenger argues that the trial court misapplied the law in determining that this release also released driver from liability.
 {¶ 7} The release, curiously dated April 25, 2000, prior to either suit being filed, states in pertinent part:
 This Indenture Witnesseth that, in consideration of the sum of Twelve Thousand Five Hundred Dollars ($12,500.00), receipt whereof is hereby acknowledged, for myself and my heirs, personal representative and assigns, I do hereby release forever discharge [sic] Willie Hamilton Jr and any other person, partnership, firm of corporation charged or chargeable with responsibility or liability, their heirs, executors, administrators, associates, representatives, successor, and assigns, from any ar [sic] all claims, demands, damages, costs, expenses, loss of services, actions, and causes of actions arising from any act or occurrence, up to the present time, and particularly an account of all personal injury, disability, property damage, loss of services and loss or damages of any kind sustained or that I hereafter may sustain in consequence of an accident that occurred on or about 24th day of Nov. 1999, at or near Invermere Rd Cleveland, Ohio.
 {¶ 8} Driver relies on the phrase "and any other person" to claim that, by signing this release, passenger released all persons potentially liable to him for the accident. Passenger argues that this interpretation of the language of the release is contrary to law. Passenger is correct.
 {¶ 9} R.C. 2307.32[1], the former R.C. 2307.33[2], states in pertinent part:
 (F) When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property or the same wrongful death, the following apply:
 (1) The release or covenant does not discharge any of the other tortfeasors from liability for the injury, loss, or wrongful death unless its terms otherwise provide, but it reduces the claim against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater.
 (2) The release or covenant discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor. Emphasis added.
 {¶ 10} The Ohio Supreme Court has interpreted the phrase "unless its terms otherwise provide" to require that the party being released be specifically named or clearly identifiable by reference. In Beck v.Cianchetti (1982), 1 Ohio St.3d 231, the Court held: "The statutory phrase `unless its terms otherwise provide' requires a release expressly designate by name or otherwise specifically describe or identify any tortfeasor to be discharged." Id. at 235. "The phrase `all other persons' is not sufficient to satisfy this statutory requirement." Id. at syllabus paragraph one.
 {¶ 11} The Supreme Court of Ohio reasoned that at common law, a release of one tortfeasor resulted in the release of all claims against all tortfeasors. By passing this legislation, however, the Court said, the legislature meant to change the common law. Id. at 234. "Allowing a discharge based upon general language which does not name or identify a tortfeasor perpetuates the common law rule and is contrary to the statute." Id. at 235. See also, Simpson v. Sowers (Dec. 28, 1994), Montgomery App. 14496 ("even if the parties intended the release to extinguish any potential claims against [driver], the document could not achieve this result by generally releasing `all other persons'"); Huffmanv. Valetto (1985), 15 Ohio App.3d 61; Hartford Acc. Indemn. Co. v.J.I. Case Co. (1985), 625 F. Supp. 1251.
 {¶ 12} Driver argues that the case at bar is distinguishable fromBeck because in Beck the injured party was only nineteen years old and not represented by counsel when she signed the release. He cites the following language in the case:
 In evaluating this release, we must consider the relative position of the parties involved. The insurance company prepared the release and presented the form to the injured party, who was unfamiliar with the terminology found in the standard release, and unaware of the legal implications. Therefore, the General Assembly recognizing that unsuspecting injured parties often sign such releases, decided the release of one tortfeasor does not release other tortfeasors, `unless its terms otherwise provide.' Consequently, the insurance company has the burden of showing that the injured party understood the terminology and intended the release of the unnamed tortfeasors.
Beck at 235.
 {¶ 13} This language, however, is dicta because it does not affect the holding of the case. Nor is it included in the syllabus. The court repeated the syllabus language verbatim immediately after the section cited by driver. Because the law of the case requires a release to indicate explicitly who is included in that release, and because the release in question names only the passenger's friend, driver has not shown that passenger intended to release him from liability, as required in the Beck syllabus.
 {¶ 14} The Supreme Court of Ohio also reiterated this point of law in Allen v. R.G. Industrial Supply (1993), 66 Ohio St.3d 229, 237, as have numerous courts throughout the state. See PIE Mutual Ins. Co. V.Fairview General Hospital (April 28, 1994), Cuyahoga App. No. 65303, 1994 Ohio App. LEXIS 1790 (holding that "general language, such as `all other persons,' fails to cover unnamed tortfeasors, irrespective of the claimant's intent); Westfield Ins. Co. v. Pope (Oct. 26, 1992), Stark App. No. CA-8943, 1992 Ohio App. LEXIS 5514; Rufo v. Trumbull MemorialHosp. (March 23, 1984), Trumbull App. No. 3244, 1984 Ohio App. LEXIS 9678; Wolk v. McCullough-Hyde Hosp. (Nov. 17, 1982), Butler App. No. CA81-10-0100, 1982 Ohio App. LEXIS 13895.
 {¶ 15} Driver also cites two other cases to support his argument. In Whitt v. Hutchinson (1975), 43 Ohio St.2d 53, the Supreme Court stated," [a] written release in general and unqualified terms, on advice of counsel, made and executed upon legal consideration between a party wronged and one or more of the persons charged with the commission of the wrong, is presumed in law to be a release for the benefit of all the wrongdoers." Id., paragraph one of the syllabus. Whitt, which was written one year before the statute was enacted, applies the common law theory, however, which the Beck court specifically stated was changed by the statute. Whitt, therefore, is not controlling in the case at bar.
 {¶ 16} Driver also cites Pakulski v. Garber (1983), 6 Ohio St.3d 252
to support his theory, but Pakulski is distinguishable. The Court in that case expressly found that the attorney, "as legal representative of the [injured parties]*** was their agent and employee. This relationship was within the language of the releases and contemplated by the parties." Id. at 255. In fact, the Pakulski Court expressly distinguished Beck on the basis that the defendant in Beck "was not and did not claim to be an agent or employee of the releasee * * *. Such is not the case [inPakulski.]" Pakulski at 256. In the case at bar, driver is clearly not an agent or employee of the friend who was released by passenger.
 {¶ 17} The release that passenger signed extinguished his claims against his friend; it, therefore, did not act to eliminate passenger's claims against driver. Accordingly, passenger's assignment of error has merit. The case is reversed and remanded for further proceedings consistent with this opinion.
ANNE L. KILBANE, P.J., AND TIMOTHY E. MCMONAGLE, J., CONCUR.
[1] The version of R.C. 2307.32 applicable in the case at bar was enacted in 1976. Attempting to amend it in 1996 as a part of tort reform, the legislature passed H.B. 350, which was declared unconstitutional by the Supreme Court in State ex re. Ohio Academy ofTrial Lawyers v. Sheward (1999), 86 Ohio St.3d 451. The version of the statute in effect at the time of the accident in 1999, therefore, is still the version enacted in 1976.
[2] R.C. 2307.33 was enacted in 1997 as part of tort reform. Although ruled unconstitutional, it was never repealed by the legislature.